**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVE MARINO, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| ABBVIE INC. and | ) | Case No. 14-cv-777 |
| ABBOTT LABORATORIES INC., | ) | |
| Defendants. | ) | Judge John W. Darrah |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION TO COORDINATE ACTIONS**

**AND**

**<u>DEFENDANTS' REQUEST TO REASSIGN ALL CASES TO JUDGE KENNELLY</u>**

**Introduction**

Defendants AbbVie and Abbott Laboratories agree that all of the recently filed cases alleging personal injuries from the use of AndroGel®—including some cases not mentioned in Plaintiffs' motion—are related. The complaints in those cases, essentially photocopies of each other, assert nearly identical facts, causes of action, and claims for relief. Defendants therefore join the portion of Plaintiffs' motion under Local Rule 40.4 seeking all of the cases to be reassigned to a single judge.

That judge should be Judge Kennelly. When these cases began to be filed by a particular plaintiffs' attorney, one by one, the first-filed case was assigned to Judge Kennelly. The Local Rule clearly states that the judge assigned the first related case should be reassigned the rest.

Plaintiffs assert that Your Honor has the earliest-filed of the cases "for which coordination is sought." (Dkt. 12 at 2; Dkt. 12-1 at 2.) The clever wording of the quote alone saves the statement from falsity, for Plaintiffs' motion quite artificially limits the AndroGel cases it covers. The motion never mentions several of the other cases filed by the same plaintiffs' attorney, including the first case, assigned to Judge Kennelly.

Immediately prior to this motion to reassign the AndroGel cases to Your Honor, Plaintiffs' counsel mysteriously dismissed the first three filed cases, one by one: first the first case, assigned to Judge Kennelly; then the second case, assigned to Judge Zagel; and finally the third case, assigned to Judge Gottschall. Your Honor has the ***fourth***-filed case, not the first, yet plaintiffs' counsel has without explanation chosen to seek reassignment to Your Honor.

This pattern of events—a total of ten cases filed by a particular Plaintiffs' counsel as of today, with the first three of them quickly dismissed and the fourth made the basis for a motion to reassign the rest—gives the unmistakable appearance of judge shopping. Your Honor should

not grant Plaintiffs the manipulated reassignment that for whatever reason they seek. For the sake of the integrity and reliability of the Court's random assignment process, under Local Rule 40.1(a)—which should at all times be "jealously guarded" against judge shopping, *Knox v. McGinnis*, 1990 WL 103277, at \*2 (N.D. Ill.)—the cases should all be reassigned to Judge Kennelly. If Plaintiffs' counsel is truly interested only in reassignment, and not in having the ability to pick a judge, they should welcome reassignment before Judge Kennelly, as the Local Rules require.

Defendants urge Your Honor to confer, as Local Rule 40.4(d) allows, with Judge Kennelly (who was also assigned the ninth of this Plaintiffs' counsel's ten cases) and all of the other judges who have AndroGel cases, and determine the proper judge to receive the reassignment of all cases. Whatever the decision, Defendants will gladly abide by it.

## **Background**

### A.     **The AndroGel lawsuits**

AndroGel is a testosterone supplement gel, sold by Defendant AbbVie. Between February 4 and 28, twenty-six individual lawsuits were filed against Defendants in this District, alleging personal injuries from using AndroGel. The first five of these lawsuits, as well as five later lawsuits, were filed by counsel from the law firm of Simmons Browder Gianaris Angelides & Barnerd LLC. The cases were randomly assigned, with the first to Judge Kennelly:

| Order of Filing | Filing Date | Plaintiff's Name | Case Number | Assigned Judge | Plaintiff Law Firm(s) |
|---|---|---|---|---|---|
| 1 | 2/4/2014 | Aurecchia | 14-cv-00772 | **Kennelly** | Simmons Browder *et al.* |
| 2 | 2/4/2014 | Benn | 14-cv-00774 | Zagel | Simmons Browder *et al.* |
| 3 | 2/4/2014 | Gallagher | 14-cv-00776 | Gottschall | Simmons Browder *et al.* |

| Order of Filing | Filing Date | Plaintiff's Name | Case Number | Assigned Judge | Plaintiff Law Firm(s) |
|---|---|---|---|---|---|
| 4 | 2/4/2014 | Marino | 14-cv-00777 | **Darrah**[1] | Simmons Browder *et al.* |
| 5 | 2/4/2014 | Myers | 14-cv-00780 | Gettleman | Simmons Browder *et al.* |
| 6 | 2/6/2014 | Cripe | 14-cv-00843 | Coleman | Sawin Law Firm *et al.* |
| 7 | 2/7/2014 | Johnson | 14-cv-00877 | Wood[2] | Simmons Browder |
| 8 | 2/7/2014 | Kelly, Sr. | 14-cv-00879 | Durkin | Simmons Browder |
| 9 | 2/10/2014 | Gibby *et al.* | 14-cv-00917 | Durkin | Sawin Law Firm *et al.* |
| 10 | 2/10/2014 | Hardee *et al.* | 14-cv-00918 | Feinerman | Sawin Law Firm *et al.* |
| 11 | 2/21/2014 | Lau[3] | 14-cv-1298 | Ellis | Simmons Browder |
| 12 | 2/27/2014 | Bartholic | 14-cv-1427 | **Kennelly** | Simmons Browder |
| 13 | 2/27/2014 | O'Donnell | 14-cv-1428 | Der-Yeghiayan | Simmons Browder |
| 14 | 2/28/2014 | Blades *et al.* | 14-cv-1471 | Lefkow | Sawin Law Firm *et al.* |
| 15 | 2/28/2014 | Carpenter *et al.* | 14-cv-1472 | Coleman | Sawin Law Firm *et al.* |
| 16 | 2/28/2014 | Humphries *et al.* | 14-cv-1473 | Bucklo | Sawin Law Firm *et al.* |
| 17 | 2/28/2014 | Dobbs | 14-cv-1474 | Kendall | Sawin Law Firm *et al.* |
| 18 | 2/28/2014 | Headley | 14-cv-1475 | Dow | Sawin Law Firm *et al.* |
| 19 | 2/28/2014 | Hughes *et al.* | 14-cv-1476 | Gottschall | Sawin Law Firm *et al.* |
| 20 | 2/28/2014 | Jackson *et al.* | 14-cv-1477 | Wood | Sawin Law Firm *et al.* |
| 21 | 2/28/2014 | Gordon | 14-cv-1478 | Tharp | Sawin Law Firm *et al.* |
| 22 | 2/28/2014 | Jones *et al.* | 14-cv-1479 | Coleman | Sawin Law Firm *et al.* |
| 23 | 2/28/2014 | King *et al.* | 14-cv-1480 | Feinerman | Sawin Law Firm *et al.* |
| 24 | 2/28/2014 | Lewis *et al.* | 14-cv-1481 | Feinerman | Sawin Law Firm *et al.* |
| 25 | 2/28/2014 | Saylor *et al.* | 14-cv-1482 | Wood | Sawin Law Firm *et al.* |
| 26 | 2/28/2014 | Cataudella[4] | 14-cv-1483 | Gottschall | Sawin Law Firm *et al.* |

---

[1] This case was originally assigned to Judge St. Eve, who recused herself almost immediately after it was filed.

[2] This case was originally assigned to Judge Tharp, who recused himself almost immediately after it was filed.

[3] This case also names as co-Defendants Lilly USA, Inc. and Eli Lilly and Company, the makers of a different testosterone product.

Pursuant to Local Rule 40.4(c), the complaints from all twenty-six cases are attached hereto, in order of case number, as Exhibits 1-26. Plaintiff's motion attaches only 4 of the complaints: none of the first three and none of the cases filed by other plaintiffs' counsel (numbers 9-10 and 14-26).

In Plaintiffs' memorandum in support of the motion to reassign, counsel from Simmons Browder states that he has "hundreds of cases under review, with a significant number of cases potentially appropriate for filing in the Northern District of Illinois." (Dkt. 12-1 at 3.) He also states that he "has been in contact with attorneys from across the country with potential cases that may be appropriate for filing in the district." *Id.*

### B.   The nearly identical complaints

Each AndroGel complaint is nearly identical, almost a photocopy of the others. All of the named plaintiffs are men who allege they used AndroGel and suffered an injury. Most of the body of each complaint is word-for-word the same. A few short paragraphs in each complaint are specific to the named plaintiff, explaining his state of residence, age, and medical injury. (Eleven of the complaints name the wives as plaintiffs as well, claiming loss of consortium.) Each complaint asserts the same six causes of action: strict liability (failure to warn), negligence, breach of implied warranty, breach of express warranty, fraud, and negligent misrepresentation. Each complaint's claim for relief is also virtually identical.

---

[4] This case also names as a co-Defendant Endo Pharmaceuticals, the maker of a different testosterone product.

### C. Sudden dismissal of the first three complaints, followed a motion to reassign all cases to the fourth judge

At 3:07 pm Central on February 24, counsel for Defendants called counsel at the Simmons Browder firm to introduce himself, and left a voice message. Just 12 minutes later, counsel at the Simmons Browder firm began to dismiss the earliest-filed cases. The *Aurecchia* case, assigned to Judge Kennelly, was dismissed at 3:19 pm; the *Benn* case, assigned to Judge Zagel, was dismissed at 3:22 pm; and the *Gallagher* case, assigned to Judge Gottschall, was dismissed one minute later. Thus, within 16 minutes of counsel's voice message, which informed Plaintiffs' counsel that Defendants were represented, the first three filed cases were all dismissed, leaving the fourth case in front of Your Honor.

Fewer than three days later, counsel from the Simmons Browder firm filed the motion to reassign the cases to Your Honor. Plaintiffs' counsel did not confer with Defendants about the motion, or even alert them it was coming. In fact, Plaintiffs ***never served*** Defendants with the motion, despite knowing from counsel's voice message that attorneys had been retained. This inexplicable failure to serve could have deprived Defendants of the ability to respond to the motion at all. Defendants learned about the motion fortuitously, by consulting this Court's docket.

<u>**Argument**</u>

These nearly identical cases are all plainly related and should be reassigned to a single judge. In order to protect the Court's random assignment of cases from being manipulated by opportunistic filings and dismissals, they should all be reassigned to the judge to whom the very first case was assigned, Judge Kennelly.

### A.       All of the cases are related and should be reassigned to a single judge.

Local Rule 40.4 allows cases to be reassigned to a single judge if the cases are related and

if the conditions for reassignment are met.  Reassignment is proper here.

### 1.       Relatedness

Cases are related under Local Rule 40.4(a)(2) if they "involve some of the same issues of

fact or law."  There must be some common issues, but those common issues need not

predominate over individual issues.  *Helferich Pat. Licensing  v. N.Y. Times*, 2012 WL 1368193,

at *2  n.2 (N.D. Ill.) (Darrah, J.).

As explained above, the AndroGel cases all assert six of the same causes of action.  Each

of those causes of action implicates common factual and legal issues:

- **Strict Liability—Failure to Warn**: whether AndroGel's warnings or instructions were inadequate; whether the Defendants knew that AndroGel carried certain risks.
- **Negligence**: the scope of the Defendants' legal duty with regard to making AndroGel and warning of any risks; whether Defendants knew of potential side effects.
- **Breach of Implied Warranty**: whether an implied warranty exists; whether it was breached.
- **Breach of Express Warranty**: whether an express warranty exists; whether it was breached.
- **Fraud**: the scope of Defendants' disclosure duties; whether Defendants willfully and maliciously concealed information; whether Defendants made false statements or misrepresentations of fact; whether Defendants had an intent to defraud.
- **Negligent Misrepresentation**: whether Defendants made any false statements or misrepresentations of fact; whether the Defendants reasonably believed that their factual statements and representations were correct; whether the foregoing statements were made intentionally to induce reliance.

Not every factual and legal issue in each case will be the same.  Each plaintiff will, for example,

face steep individual causation issues.  But the presence of common factual and legal issues

shows that these cases are all related.  *Peery v. Chi. Hous. Auth.*, 2013 WL 5408860, at *2-3

(N.D. Ill.) (granting reassignment of cases presenting some of the same issues and some different issues).

### 2. Conditions for reassignment

Reassignment of related cases is appropriate where "(1) both cases are pending in the same court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." Local Rule 40.4(b); *Murry v. America's Mortgage Banc*, 2004 WL 407010, at *1-3 (N.D. Ill.). All of these requirements are met.

*First*, all of the cases were filed in this Court. *Second*, allowing one judge to handle these cases will result in a substantial saving of judicial time and effort: joint status conferences can be held, briefing and discovery can be structured appropriately, rulings can be issued only once, and inconsistences in the handling of different cases can be avoided. *Peery*, 2013 WL 5408860, at *2. *Third*, all of the cases are infants, so no older case can be delayed. *Fourth*, the cases are remarkably similar and can be addressed in a single proceeding. This does not mean they should be consolidated into one case, but rather that they are susceptible to disposition at the same time. *Fairbanks Capital v. Jenkins*, 2002 WL 31655277, at *3 (N.D. Ill.); *Helferich*, 2012 WL 1368193, at *3. In short, "it simply makes sense to have cases with nearly identical allegations and legal issues handled by one District Judge." *Hines v. Pfizer*, 2013 WL 5526696, at *2 (S.D. Ill.).

### 3. Scope of reassignment

Defendants agree that all of these cases and future cases that are materially the same should be reassigned to a single judge.[5]  However, Plaintiffs' request to "leave for a later date" the decision whether the reassigned cases "would be retained by the transferee court for purposes of trial" is improper and falls outside the scope of reassignment under Local Rule 40.4.  (Dkt. 12-1 at 3.)  Local Rule 40.4(b) provides without qualification that a "case may be reassigned to the calendar of another judge if it is found to be related."  The rule does not authorize reassigned cases to be returned to their original judges later in the litigation.  Local Rule 40.1(d) ("No case shall be … reassigned from the calendar of a judge … except as provided by the rules of this Court").  In fact, an un-reassignment would be contrary to Local Rule 40.4(b)(4)'s requirement that the cases be "susceptible of disposition in a single proceeding."  It would also invite (a second round of) judge shopping.  Presumably for all of those reasons, reassignment orders typically state that the reassignment is effective for "all purposes."  *Helferich*, 2012 WL 1368193, at *2 n.2.

In plaintiffs' counsel's case against Pfizer discussed above, counsel likewise attempted to reassign the cases only for pretrial purposes, reserving for later the question of which judge should preside at trial.  That request was rejected, with this explanation: "there is no good way to have one District Judge handle non-discovery pretrial proceedings (i.e. rule on dispositive motions) and another District Judge handle trial.  Stated another way, … it is logically cumbersome and inefficient to have one District Judge … step back in to preside over the trial."  *Hines*, 2013 WL 5526696, at *1.

---

[5] Defendants reserve the right to move for non-reassignment of any case that is not materially the same as the instant actions.

### B. The cases should all be reassigned to Judge Kennelly.

Local Rule 40.4(b) allows for reassignment of related cases to the judge handling the "earlier-numbered case." Here it is undisputed that the first case was assigned to Judge Kennelly. The cases should therefore all be reassigned to him.

It is also undisputed that the plaintiff in the earliest filed case has voluntarily dismissed it under Rule 41(a), and that plaintiffs are allowed to dismiss under that rule before a defendant answers or moves for summary judgment. Defendants are not asking the Court to force the plaintiff in the earliest case, Mr. Aurecchia, to litigate his claims. An order reassigning all cases to Judge Kennelly would not disturb Mr. Aurecchia's right to dismiss under Rule 41(a). But the voluntary dismissal should be disregarded for the administrative purpose of reassigning the cases. *Vaqueria Tres Monjitas v. Rivera Cubano*, 341 F. Supp. 2d 69, 71 (D.P.R. 2004) (refusing to allow a Rule 41(a) voluntary dismissal to circumvent the court's random assignment process); *Nationwide Ambulance*, 2012 WL 3647406, at *3 ("appropriate to vacate the [voluntary] dismissal for purposes of consolidation to avoid duplicative litigation").

A decision by the Plaintiff in the first-filed case to continue litigating or not is irrelevant to the issue of which judge should hear all of the cases. Just as it would not matter if that first Plaintiff dismissed his claims well *after* all cases had been reassigned—the dismissal would not unwind the reassignment order—so too it does not matter if he dismisses *before* a reassignment order is entered. The judge with the "earlier-numbered case" remains the judge with the "earlier-numbered case." Allowing voluntary dismissals to affect the analysis would encourage strategic and opportunistic dismissals as plaintiffs root through this Court's judges, looking for their preferred candidate. The events of this case, in fact, create a strong impression of judge shopping.

Judge shopping is a particularly unacceptable form of gaming the judicial system. "Judge shopping clearly constitutes conduct which abuses the judicial process." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). It has, for that reason, been "universally condemned." *Lane v. City of Emeryville*, 1995 WL 298614, at *2 (9th Cir.); *see also Vaqueria Tres Monjitas*, 341 F. Supp. 2d at 71 ("attempts to manipulate the random case assignment process are subject to universal condemnation") (citing numerous cases). The Seventh Circuit has warned repeatedly against allowing litigants to shop for judges or forums. *Smith v. Sprint Commc'ns*, 387 F.3d 612, 613-14 (7th Cir. 2004); *Boyd v. Phoenix Funding*, 366 F.3d 524, 530 (7th Cir. 2004); *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000); *Merrill Lynch v. Lauer*, 49 F.3d 323, 330 (7th Cir. 1995). This Court's method for assigning cases at random is accordingly to be "jealously guarded" against judge shopping manipulation. *Knox*, 1990 WL 103277 at *2. "[C]ircumvent[ing] the random assignment rule … violate[s] the [local] rules as well as [counsel's] duties as an officer of the court." *In re Fieger*, 1999 WL 717991, at *3 (6th Cir.).

These cases present telltale signs of judge shopping. Many different cases were filed, they were assigned to many different judges, and then the first three were dismissed and reassignment sought based on the fourth—in a motion that does not even mention the first three. The timing and sequence of these events strongly suggest that they were done in order to select a particular judge. *Vaqueria Tres Monjitas*, 341 F. Supp. 2d at 73 ("the timing of Plaintiffs' actions lead us to the conclusion that they engaged in judge-shopping"); *Alvarado v. Bank of America*, 2009 WL 720875, at *3-4 (E.D. Cal.) ("the timing of the events in the original suits is a strong indication that plaintiffs engaged in judge-shopping").

With a sufficient number of cases (as Plaintiffs' counsel claims to have), it would be easy to use the game of voluntary dismissals to select literally any judge in the entire district as the

judge who should receive all of the reassigned cases. And there is no cost to the voluntary dismissals, because they are without prejudice, and the early cases can be refiled later, after the illegitimate goal of selecting the "right" judge for all of the cases has been achieved. There is no reason to allow this apparent manipulation of the random assignment system to stand. As the committee comments to Local Rule 40.1 explain, "no one should be able to manipulate the assignment system in order to determine in advance which judge will get a case."

"The court has broad discretion to manage its docket, particularly for the purpose of discouraging the abuse of judicial process" through judge shopping. *Alvarado*, 2009 WL 720875, at *2; *see also Span–Eng Assocs. v. Weidner*, 771 F.2d 464, 470 (10th Cir. 1985). An order here acknowledging the importance of the earliest AndroGel cases would ensure that Rule 40.4, which is supposed to help ***preserve*** the random assignment system, is not ***perverted*** into a judge-picking tool.

When faced with similar situations, courts have not hesitated to act. In *Murray v. Sevier*, 1992 WL 75212, at *2 (D. Kan.), for example, plaintiff's counsel filed six actions purportedly involving different parties, but all alleging the same general claims. Each case was assigned to a different judge. The following business day, counsel voluntarily dismissed all but one of the cases, and then he requested leave to add to it the parties from the voluntarily dismissed cases. The court decided that it could "easily thwart these efforts [to judge-shop] by the judicious exercise of the tools of judicial administration," and therefore reassigned everything to the judge with the first-filed case. (Murray Dkt. 16, 17.) Here, too, Plaintiffs should not be permitted to so "easily thwart" this district's random assignment system.

In fact, similar conduct has not only been condemned previously in Chicago, it has been the subject of sanctions in the state court system. In 1994, a law firm filed five identical lawsuits

11

and then voluntarily dismissed all but one, in front of the chosen judge. Andrew Fegelman, *Law Firm 'Sorry' for Ploy to Find Right Judge to Hear Archdiocese Suit*, CHI. TRIB. (Mar. 31, 1994), http://articles.chicagotribune.com/1994-03-31/news/9403310365_1_mayer-firm-s-attorneys-brown-platt; for similar events, *see also In re Fieger*, 1999 WL 717991, at *1. The Chief Judge of Cook County's Chancery Division fined the law firm's attorneys several thousand dollars for their "egregious" conduct. Andrew Fegelman, *Law Firm Is Fined, Scolded*, CHI. TRIBUNE (Apr. 4, 1994), http://articles.chicagotribune.com/1994-04-05/news/9404050283_1_judges-suspension-or-disbarment-fined. In the present case, the voluntary dismissals should be ignored and all cases reassigned to Judge Kennelly.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court to reassign to Judge Kennelly for all purposes all of the related AndroGel cases identified in this Response.


Dated: March 3, 2014                            Respectfully submitted,

                                                WINSTON & STRAWN LLP

                                                By: */s/ Scott P. Glauberman*
                                                    Scott P. Glauberman
                                                    Thomas J. Frederick
                                                    James F. Hurst
                                                    Bryna Dahlin
                                                    **WINSTON & STRAWN LLP**
                                                    35 West Wacker Drive
                                                    Chicago, Illinois 60601
                                                    Tel: (312) 558-5600
                                                    Fax: (312) 558-5700
                                                    sglauberman@winston.com
                                                    tfrederick@winston.com
                                                    jhurst@winston.com
                                                    bdahlin@winston.com

                                                    *Attorneys for AbbVie Inc. and Abbott*
                                                    *Laboratories Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Scott P. Glauberman, hereby certify that on March 3, 2014 the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.  A hard copy of this Response has also been sent to registered attorneys of record for the other Plaintiff law firms cited.

*/s/  Scott P. Glauberman*
Scott P. Glauberman